# Clark's Appeal.

An executor, upon the settlement of his administration account, is not excused from the payment of interest upon bonds due by himself, for one year after the death of his testator.

APPEAL from the orphan's court of *Columbia.*

Charles Clark, executor of Robert Clark deceased, upon the settlement of his administration account, prayed the court that he might not be charged with interest upon bonds due by himself to the testator in his lifetime until one year after his death; but the court refused so to settle the account, and the executor appealed.

*Frick* and *Hepburn,* for appellant, cited, Wilcox *v.* Fox, 1 *Binn.* 194.

*Cooper* and *Greenough,* for appellee, cited, Say *v.* Barns, 4 *Serg. & Rawle* 116; 2 *Mad. Chan.* 136; Wyman *v.* Hubbard, 13 *Mass.* 232; Commonwealth *v.* Mateer, 16 *Serg. & Rawle* 420; Brown *v.* Rickets, 4 *Johns. Chan.* 305.

The opinion of the Court was delivered by

SERGEANT, J.—Appeal from the decree of the orphan's court of Columbia county, confirming the report of auditors adjusting the accounts of Charles Clark, acting executor of Robert Clark deceased. Charles Clark was the son of the testator, and some time prior to his decease, had purchased his real estate, for which he gave bonds payable with interest, some of which fell due before the testator's death, and others after. The testator died in January 1821. The auditors, in settling the account, charged the executor with the interest accruing on his bonds : and it is now contended, on appeal to this court, that no interest should be charged against the executor for the interval of a year from the testator's death; on the authority of Wilcox *v.* Fox, 1 *Binn.* 194, where it was held, that the administrator having a year to settle his accounts, is not to be charged with interest on any balance in his hands.

It could not be pretended that the executor would not be answerable for interest received within the year from a debtor to the estate ; and I see no difference, whether the executor receives it from another

or from himself. The making a debtor executor is not a release of the interest any more than of the principal : both are assets in his hands. ' It is said, that the executor being both payer and receiver, the principal is to be considered as cash in his hands, on which he would not be charged with interest within the year. It was not, however, in truth, cash : if it had been, the executor ought to have paid off the debts due by the estate, and relieved it from interest, which he did not do. He could, in such case, have no temptation to act otherwise. But as it is, the estate is paying interest on debts not discharged, and at the same time the executor claims to hold almost the whole estate for a year exempt from the interest he had contracted to pay. This cannot be. The appointment of a debtor executor might in large estates be worth far beyond the actual commissions, if this were so : and it would be giving an executor a *bonus* at the expense of the heirs and kindred never dreamt of. The rule that an executor is not to be charged with interest on the balance in his hands within a year from testator's death, is founded on the presumption that he neither received nor made interest ; that time being given to collect the assets and pay off the debts : and the moment when the money may be wanted, being often uncertain, he is excused for retaining moneys in his hands to meet emergencies. But if within that time he puts the money out at interest, he is chargeable to the estate for that increase as he is with all other increase of the estate in his hands. The rule in Fox *v.* Wilcocks applies only where it does not appear that there has been interest received or made within the year or after : but if there has been, the executor, like every other trustee, must credit the estate with it.